

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| V. | § | Case Number 6:15-CR-00007-RC |
| | § § § | |
| ALBERT MICHAEL DAVIS, | § § | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

By order of the District Court, this matter was referred to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrate judges have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003). On June 19, 2017 this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the defendant, **ALBERT MICHAEL DAVIS**, on **Counts 1-3** of the charging **Indictment** filed in this cause.

Count 1 of the Indictment charges that, on or about May 5, 2014, in the Eastern District of Texas, the defendant, **ALBERT MICHAEL DAVIS**, while under oath as a witness in a case then

1

being tried before the United States District Court for the said District entitled, LBDS Holding Company, LLC vs. ISOL Technology, Inc., et al. (ISOL), Docket No. 6:11cv428, knowingly did make a false material declaration, that is to say:

At the time and place aforesaid, the Court and Jury were engaged in the trial of the aforementioned case wherein ISOL, the defendant therein, was charged with breach of contract, misappropriation of trade secrets, and engaging in unfair competition with LBDS. It was a matter material to said trial to determine whether or not ISOL was liable for breach of contract, misappropriation of trade secrets, and engaging in unfair competition with LBDS and whether such breach of contract, misappropriation of trade secrets, and engaging in unfair competition with LBDS caused damages to LBDS.

At the time and place alleged, the defendant **ALBERT MICHAEL DAVIS,** while under oath, did knowingly declare before said Court and Jury with respect to the aforementioned material matter, as follows:

> Q. How many systems was Cerner going to buy, at a minimum, from LBDS?
>
> Q. Could you please tell the jury, how many units, how many MRIs did you expect Cerner to buy under this contract?
>
> A. This distribution contract was a minimum purchase agreement. Cerner Corporation had agreed to purchase a minimum of 345 MRI systems over a period of three years.
>
> Q. Would you turn to schedule 2 of the agreement, please, sir? The next page is schedule 2. Does that schedule 2 have a minimum purchase quantities order?
>
> A. Yes, sir, it does. Schedule 2 is a minimum purchase quantities schedule. In 2010, 30 systems; in 2011, 90 systems; in 2012, 225 systems.

> Q. And do you expect to make a profit from selling 345 MRIs to Cerner?
>
> A. Absolutely
>
> Q. Could you please describe to the jury what I'm looking at that is schedule 4 to Exhibit 232, please, sir?
>
> A. Yes. This schedule 4 is a pricing and fee schedule. There are four categories in this schedule; and they speak primarily to the pricing, the transfer pricing between our company and Cerner Corporation. The first category is the equipment, and this reflects the price that Cerner was going to purchase the MRI systems for.

The aforesaid underscored testimony of the defendant **ALBERT MICHAEL DAVIS**, as he then and there well knew and believed, was false in that, the purported distribution agreement between Cerner Corporation and Phi Health dated October 27, 2009, which Davis referenced during his testimony and had been materially altered from its original form by Davis and/or his employees. Furthermore, there was no contractual agreement between Cerner and Phi Health concerning a minimum purchase or minimum purchase quantities, all in violation of 18 U.S.C. § 1623.

Count 2 of the Indictment charges that on or about May 5, 2014, in the Eastern District of Texas, the defendant, **ALBERT MICHAEL DAVIS**, while under oath as a witness in a case then being tried before the United States District Court for the said District entitled, LBDS Holding Company, LLC vs. ISOL Technology, Inc. et al. (ISOL), Docket No. 6:11cv428, knowingly did use any information, including any book, paper, document, record, recording, and other material, knowing the same to contain any false material declaration, that is to say:

At the time and place aforesaid, the Court and Jury were engaged in the trial of the aforementioned case wherein ISOL, the defendant therein, was charged with breach of contract, misappropriation of trade secrets, and engaging in unfair competition with LBDS. It was a

matter material to said trial to determine whether or not ISOL was liable for breach of contract, misappropriation of trade secrets, and engaging in unfair competition with LBDS and whether such breach of contract, misappropriation of trade secrets, and engaging in unfair competition with LBDS caused damage to LBDS.

At the time and place alleged, the defendant, **ALBERT MICHAEL DAVIS**, while under oath, did knowingly use before said Court and Jury with respect to the aforementioned material matter, information, specifically Plaintiff's Exhibit 232, which purported to be a distribution agreement between Cerner Corporation and Phi Health, dated October 27, 2009, knowing the same to contain any false material declaration.

The aforesaid information, as the defendant, **ALBERT MICHAEL DAVIS**, then and there well knew and believed, was false in that, the purported distribution agreement between Cerner Corporation and Phi Health dated October 27, 2009, which Davis referenced during his testimony had been materially altered from its original form by Davis and/or his employees. Furthermore, there was no contractual agreement between Cerner and Phi Health concerning a minimum purchase or minimum purchase quantities, all in violation of 18 U.S.C. § 1623.

Count 3 of the Indictment charges that on or about May 5, 2014, in the Eastern District of Texas, the defendant, **ALBERT MICHAEL DAVIS,** while under oath as a witness in a case then being tried before the United States District Court for the said District entitled, LBDS Holding Company, LLC v. ISOL Technology, Inc. et al. (ISOL), Docket No. 6:11cv428, knowingly did make a false material declaration that is to say:

At the time and place aforesaid, the Court and Jury were engaged in the trial of the aforementioned case wherein ISOL, the defendant therein, was charged with breach of contract, misappropriation of trade secrets, and engaging in unfair competition with LBDS. It was a matter material to said trial to determine whether or not ISOL was liable for breach of contract,

misappropriation of trade secrets, and engaging in unfair competition with LBDS and whether such breach of contract, misappropriation of trade secrets, and engaging in unfair competition with LBDS caused damages to LBDS.

At the time and place alleged, the defendant, **ALBERT MICHAEL DAVIS**, while under oath, did knowingly declare before said Court and Jury with respect to the aforesaid material matter, as follows:

> Q. And you said you were looking for other funding. What's the name of – well, let me ask you: Could you please tell the jury the name of the venture company you were looking at?
>
> A. Yes sir. One particular venture capital investment company was a company by the name of Ansel Capital Partners.
>
> Q. And did you have any meetings with Ansel Capital Partners?
>
> A. Yes, sir we did.
>
> Q. And how did those go?
>
> A. The meeting went real well. They looked at our business model in detail, felt there was a tremendous opportunity if we could create this system. And so they were willing to invest in our company.

The aforesaid underscored testimony of the defendant, **ALBERT MICHAEL DAVIS**, as he then and there well knew and believed, was false in that, Ansel Capital Partners, LLC, was a fraudulent company managed by a fictitious person, both of whom were created by Davis and his employees. Furthermore, there were no meetings with such company and no actual agreements with such company to provide funding to LBDS once ISOL produced successful demonstrations of acceptable cardiac MRI images, all in violation of 18 U.S.C. § 1623.

Defendant, **ALBERT MICHAEL DAVIS**, entered a plea of guilty to Counts 1-3 of the Indictment into the record at the hearing.

The parties agree that the sentence imposed by the Court will run concurrently with the sentence imposed in *United States v. Albert Davis*, 15-00077-01-CR, in the Western District of Missouri, currently pending before United States District Judge Greg Kays.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

b. That Defendant and the Government have entered into a plea agreement and a plea agreement addendum which were addressed in open court and entered into the record.

c. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the Defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

d. That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that this conduct falls within the definition of the crimes charged under TITLE 18 U.S.C. Section 1623.

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the Government presented a factual basis. *See Factual Basis and Stipulation.* In support, the Government and Defendant stipulated that if this case were to proceed to trial the Government would prove beyond a reasonable doubt, through the sworn testimony of witnesses, including expert witnesses, as well as through admissible exhibits, each and every essential element of the crime charged in Counts 1-3 of the Indictment. The Government would also prove that the defendant is one and the same person charged in the Indictment and that the events described in Indictment occurred in the Eastern District of Texas and elsewhere. The Court incorporates the proffer of evidence described in detail in the factual basis and stipulation in support of the guilty plea.

Defendant, **ALBERT MICHAEL DAVIS**, agreed with and stipulated to the evidence presented in the factual basis. Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Counts 1-3** of the charging Indictment on file in this criminal proceeding. The Court also recommends that the District Court accept the plea agreement and plea agreement addendum pursuant to the Local Rules for the United States District Court for the Eastern District of Texas and Federal Rule of Criminal Procedure 11(c). Accordingly, it is further recommended

that, Defendant, **ALBERT MICHAEL DAVIS**, be finally adjudged as guilty of the charged offense under **Title 18, United States Code, Section 1623.**

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject the plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement and addendum, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature. The District Court may defer its decision to accept or reject the plea agreement and addendum until there has been an opportunity to consider the presentence report. *See* FED. R. CRIM. P. 11(c)(3). If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw the guilty plea, dependent upon the type of the plea agreement. *See* FED. R. CRIM. P. 11(c)(3)(B). If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement or addendum. Defendant has the right to allocute before the District Court before imposition of sentence.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings

8

or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**So ORDERED and SIGNED this 20th day of June, 2017.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE